IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ANDREW WILLIAMS ECKERD,<br><br>            Plaintiff,<br><br>    v.<br><br>CORRECTIONS CORPORATION OF AMERICA; et al., in their individual and official capacities,<br><br>            Defendants. | CIVIL ACTION NO.: 5:18-cv-71<br><br>FILED<br>Scott L. Poff, Clerk<br>United States District Court<br><br>By casbell at 3:31 pm, Jan 13, 2020 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with Orders of this Court. Docs. 12, 14. Plaintiff, who is currently an inmate at the Hancock State Prison in Sparta, Georgia, brought this action under 42 U.S.C. § 1983 to contest conditions of his confinement while incarcerated at Coffee Correctional Facility in Nicholls, Georgia. Doc. 4. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL

## BACKGROUND[2]

Plaintiff has been ordered twice to pay the filing fee for this case but has not complied with either of the Court's Orders.  Docs. 12, 14.  On January 22, 2019, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* after determining Plaintiff had the ability to pay the filing fee.  Doc. 12.  The Court ordered Plaintiff to pay the filing fee in 21 days—by February 12, 2019—and warned Plaintiff that, "if the filing fee is not paid by that date, the Court will dismiss this action without prejudice."  Id. at 2.  In addressing Plaintiff's contention that Macon State Prison officials were to blame, the Court ordered prison officials to "allow Plaintiff access to his funds or to otherwise ensure Plaintiff complies" with the January 22 Order.  Id.  Then, in its May 28, 2019 Order, the Court directed Plaintiff to pay the $400.00 filing fee for his Complaint within 30 days, otherwise "failure to do so will result in the dismissal of his Complaint, without prejudice."  Doc. 14 at 2.  Again, the Court advised staff at Ware State Prison—Plaintiff's place of incarceration at that time—to approve Plaintiff's request and submit the filing the fee on Plaintiff's behalf "as expeditiously as possible."  Id.

Plaintiff's filing fee was due for the second time on June 27, 2019.  Id.  More than seven months passed, yet Plaintiff has failed to submit the requisite fee.  Instead, the Court has received installments of the fee.  Docs. 12, 14.  In Plaintiff's response to the May 28 Order, Plaintiff alleged that, prior to June 14, 2019, he had been attacked by other inmates and placed in segregated housing for two and a half weeks, which precluded him from buying postage.

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

Doc. 15 at 1.  Nonetheless, Plaintiff averred that his filing fee should have been sent to the Clerk of Court between June 4 and June 6, 2019.  Id.  Plaintiff again blames the employees of the Georgia Department of Corrections for not submitting his filing fee.  Id. at 2.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.  Dismissal for Failure to Follow this Court's Orders**

A district court may dismiss claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "A district court may *sua sponte* dismiss an action under [Rule] 41(b) for failing to comply with a court order."  Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Coleman, 433 F. App'x at 718; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to

3

counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given two opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. Where a plaintiff fails to pay his filing fee and fails to show why his case should not be dismissed for failing to follow an order to pay the filing fee, a court does not abuse its discretion by sua sponte dismissing the complaint without prejudice. See Brown v. Blackwater River Correctional Facility, 762 F. App'x 982, 985–86 (11th Cir. 2019) (finding district court did not abuse discretion in dismissing prisoner's complaint because prisoner failed to respond to multiple show cause orders and did not pay partial filing fee to proceed *in forma pauperis*, despite contending he had attempted to pay and that judge was prejudiced against him). Plaintiff asserts he has made multiple attempts over the preceding six

4

months to pay his filing fee but blames prison officials for refusing to comply with the Court's Orders. Doc. 17 at 1. The Court acknowledges that "a prisoner's failure to pay his filing fee may be caused by circumstances beyond his control." Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002). In Wilson, the Eleventh Circuit Court of Appeals instructed district courts to take "reasonable steps . . . to determine whether the prisoner complied with the order by authorizing payment by prison officials." Id. (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000)). Reasonable steps include "allowing objections to a magistrate judge's report, issuing a show-cause order, communicating by telephone, fax, or e-mail with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to" ascertain "whether the prisoner has complied with the order." Hatchet, 201 F.3d at 654 (int. cits. omitted).

Plaintiff responded to both of the Court's Orders instructing him to pay his filing fee, yet both times Plaintiff failed to show why his case should not be dismissed. In response to the Court's January 22, 2019 Order, Plaintiff argued being moved around between multiple prisons prevented him from paying the filing fee, along with the "incompetence, refusal, or inaction of prison officials." Doc. 13. In his response to the Court's May 28, 2019 Order, Plaintiff alleged he was attacked multiple times, his property was stolen, and he was barred from the prison law library because he was being held in segregated housing. Nonetheless, Plaintiff also said the filing fee should go through this time because the Court's Order, doc. 13, was shown to a counselor at the prison. Doc. 15. Furthermore, in the Court's May 28, 2019 Order directing payment, the Court ordered prison officials to allow Plaintiff access to his funds "or otherwise ensure Plaintiff complie[d] with this Order." Doc. 14 at 2. Despite the Court's willingness to excuse Plaintiff's non-compliance with a court Order, then providing multiple chances for

Plaintiff to submit his filing fees in compliance with the Court's directives, Plaintiff still has not done so.  Additionally, the Court warned Plaintiff failure to do so may result in the dismissal of his case.  Plaintiff has repeatedly failed to follow the Court's clear and direct instructions and has demonstrated he is unwilling to comply with this Court's Orders.  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** for failure to comply with the Court's Orders.

## II.     Dismissal Based on § 1915(g) "Three Strikes" Rule

Plaintiff's Complaint merits dismissal on the alternative grounds that he has accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g) and he does not allege a current threat of serious injury.  Plaintiff has been a frequent filer in federal court, and because at least three of the civil actions he has filed while incarcerated have been dismissed "on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim upon which relief could be granted," he cannot proceed *in forma pauperis* unless he "is under imminent danger of serious physical harm."  28 U.S.C. 1915(g); see also Eckerd v. Cannon, No. 2:17-cv-108 (S.D. Ga. Dec. 6, 2017) (case dismissed for failure to state a claim); Eckerd v. Cannon, No. 2:17-cv-100 (S.D. Ga. Jan 22, 2018) (dismissed for failure to state a claim); Eckerd v. Kelley, No. 2:17-cv-129 (S.D. Ga. May 11, 2018) (case dismissed for failure to state a claim).  Notably, each of the foregoing complaints was dismissed before Plaintiff filed the instant action on September 14, 2018. Doc. 1.  In a previous Order, the Court denied Plaintiff *in forma pauperis* status because he had sufficient funds to pay the filing fee for his suit.  Doc. 12.  However, Plaintiff is also precluded from proceeding *in forma pauperis* because he has accumulated "three strikes."  The Eleventh Circuit instructs district courts that when a prisoner is precluded by § 1915(g) from proceeding *in forma pauperis*, "the proper procedure is . . . to dismiss the complaint without prejudice."

Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status."). Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for this alternative reason.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of January, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA